UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN LEONEL MENDOZA FIGUEROA,<br><br>                    Petitioner,<br><br>          v.<br><br>FERETI SEMAIA, et al.,<br><br>                    Respondents. | Case No. 2:26-cv-06054-SSC<br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

On June 4, 2026, Petitioner Franklin Leonel Mendoza Figueroa filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a citizen of Honduras who is in Immigration and Customs Enforcement (ICE) custody at the Adelanto ICE Processing Center, in Adelanto, California. (*Id.* at 3.)

The petition alleges the following. After entering the United States in October 2017, he was processed by Border Patrol and released on October 28, 2027, under the Trafficking Victims Protection Reauthorization Act. (*Id.* at 16, 38.) He was not required to post a bond, and he "complied with all the conditions of his release, attending all his ICE appointments and court hearings and not committing any

crimes." (*Id.* at 16, 40–41.)  Since arriving in the United States, Petitioner has lived in Riverside, California.  (*Id.* at 16.)

Petitioner was detained on October 26, 2025, after being stopped by a U.S. Forest Service ranger and questioned by ICE agents.  (*Id.* at 18.)  The agents told Petitioner that he was being detained, without any explanation why.  (*Id.* at 19.)

Petitioner claims that his detention without advance notice, without cause, and without being provided a hearing to determine whether he poses a danger or a flight risk constitute violations of substantive and procedural due process under the Fifth Amendment. (*Id.* at 2, 33–34.)  The petition requests a variety of relief, including immediate release.  (*Id.* at 35–36.)

On June 11, 2026, Respondents filed a two-paragraph answer that included a statement that "Respondents are not presenting an opposition argument at this time" and that "no more filings or proceedings will be necessary in this matter."[1]  (ECF 9 at 2.)  Though the deadline for Petitioner's optional reply has not passed, given Respondents' statement that they are not presenting an opposition argument, the Court acts ahead of any such reply to avoid delay of relief.

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

The Court thus construes the § 2241 petition as unopposed. So construed, the petition is GRANTED.

**ORDER**

**IT IS ORDERED** that (1) Judgment shall be entered granting the petition; (2) that a writ of habeas corpus be issued requiring Petitioner Franklin Leonel Mendoza Figueroa's (A# 216-166-170) immediate release; and (3) that Petitioner's belongings that were taken when he was detained be returned to him.

DATED: June 12, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3